

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00414-CR

---

WILLIS ANDERSON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 22,176-B, Honorable John B. Board, Presiding

---

August 27, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Willis Anderson, Jr. appeals from the judgment through which the trial court adjudicated him guilty of the offense of violation of a protective order,[1] revoked his deferred adjudication community supervision and sentenced him to a term of

---

[1] TEX. PENAL CODE ANN. § 25.07 (West 2018).

imprisonment of ten years.[2]  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of his motion to withdraw.  We will affirm the court's judgment and grant counsel's motion to withdraw.

In 2011, appellant was indicted for the offense of violation of a protective order concerning his common-law wife.  The indictment included a deadly weapon allegation. That case was tried to a jury.  The jury found appellant guilty, but the trial court granted a mistrial during the punishment phase.  In early 2013, after further proceedings, appellant entered into a plea agreement with the State and filed an "agreed motion for new trial," which the trial court granted.  Appellant pled guilty to the indicted offense of violation of a protective order and was placed on deferred adjudication community supervision for a period of two years.  His community supervision was subject to certain terms and conditions.

In late 2013, the State filed a motion to proceed to adjudication of appellant's guilt. The court heard the motion in early 2014, after which it allowed appellant to remain on community supervision with 60 days in jail and additional requirements.  In late 2014, the State filed a second motion to proceed and amended the motion in early 2015.  The trial court heard that motion, after which it extended appellant's community supervision for an additional three years and imposed another requirement.  In 2016, the State filed another

---

[2] Appellant was convicted of a third-degree felony, punishable by imprisonment for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2018).

[3] *Anders v. California,* 386 U.S. 738 (1967).

motion to proceed. After the court heard that motion, it extended appellant's community supervision for another year and imposed still another requirement.

In 2017, the State filed another motion to proceed alleging appellant had violated several conditions of his community supervision. The trial court held a unified hearing on the State's motion. Appellant pled "not true" to the State's allegations but admitted to several of the allegations during his testimony at the hearing.

Three witnesses testified for the State. A police officer testified to his 2009 investigation of appellant concerning domestic violence against his common-law wife. That investigation eventually led to the charge to which appellant pled guilty. Another witness testified to appellant's abusive relationship with his current girlfriend and pending domestic violence charges. Appellant's community supervision officer testified to appellant's several violations of the terms of his community supervision. Those violations included failure to report as required, failure to report a change of address as required, failure to pay fines, fees and costs, and failure to complete community service hours.

Appellant acknowledged at the outset of his testimony that he had been in court during his community supervision several times "for not taking care of business." He also admitted to several of the State's allegations but provided reasons for the failure to perform each. He also denied domestic violence against his girlfriend. He told the court also of "a major issue" in his life that had taken much of his time. He explained that he had been occupied with efforts to complete service plans in an attempt to retain custody of his newborn child, who was removed from appellant's care because the child's mother used controlled substances during her pregnancy. He asked the court to continue his

community supervision because he felt he now understood and was in a place in his life to comply with the requirements imposed on him.

At the conclusion of the hearing, the trial court found appellant violated the provisions of his community supervision as alleged by the State[4] and sentenced appellant to imprisonment for a term of ten years.

In support of his motion to withdraw, appellant's appellate counsel has certified he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of appellant's conviction. *Anders*, 386 U.S. at 744-45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel discusses why, under the controlling authorities, the record supports that conclusion. *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has further demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to appellant, (2) notifying him of his right to review the record and providing him with a copy of the appellate record, and (3) informing him he may file a *pro se* response if he desired to do so. *In re Schulman*, 252 S.W.3d at 408; *see Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on filing a motion to withdraw supported by an *Anders* brief). By letter, this Court granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response.

---

[4] The State waived its fourth allegation. Also, while the trial court found "true" the allegations in the State's motion concerning appellant's failure to pay fines and fees, it explicitly stated appellant's inability to pay did not factor into its determination to adjudicate appellant guilty of the original offense and revoke his community supervision.

We have conducted our own review of the entire record to assess the accuracy of counsel's conclusions and to independently determine whether there are any non-frivolous issues that were preserved in the trial court and which might support the appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues.

After carefully reviewing the appellate record and counsel's brief, we conclude the record reflects no arguably meritorious grounds that might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.[5]

James T. Campbell
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals. Tex. R. App. P. 48.4.